UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYNTHIA ANN LAVENDER, | ) | Case No. EDCV 14-2022-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On October 7, 2014, Cynthia Ann Lavender ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits.  The Commissioner filed an Answer on January 8, 2015.  On April 15, 2015, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff Cynthia Ann Lavender is a 50-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits on March 3, 2011, alleging disability beginning March 13, 2007.  (AR 10.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 13, 2007, the alleged onset date.  (AR 12.)

Plaintiff's claims were denied initially on August 2, 2011 and on reconsideration on November 22, 2011.  (AR 12.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on September 26, 2012.  (AR 10.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 10.)  That hearing was continued in order to give Plaintiff's representative additional time to obtain medical evidence.  (AR 10.)  Plaintiff appeared and testified at another hearing held on April 3, 2013, in Moreno Valley, California.  (AR 10.)  Plaintiff was represented by counsel at that hearing.  (AR 10.)  Medical experts ("ME") W. Benton Boone, M.D. and Gerald Weingarten, M.D. as well as vocational expert ("VE") Joseph H. Torres also appeared and testified at the hearing in Moreno Valley.  (AR 10.)

The ALJ issued an unfavorable decision on April 10, 2013.  (AR 10-23.)  The Appeals Council denied review on August 19, 2014.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's treating physician Dr. Marianne Tahl's opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,

1  924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by

2  substantial evidence and based on the proper legal standards).

3      Substantial evidence means "'more than a mere scintilla,' but less than a

4  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

5  Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such

6  relevant evidence as a reasonable mind might accept as adequate to support a

7  conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation

8  omitted).

9      This Court must review the record as a whole and consider adverse as well as

10  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

11  Where evidence is susceptible to more than one rational interpretation, the ALJ's

12  decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

13  (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole

14  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

15  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

16  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

17                          **THE SEQUENTIAL EVALUATION**

18      The Social Security Act defines disability as the "inability to engage in any

19  substantial gainful activity by reason of any medically determinable physical or mental

20  impairment which can be expected to result in death or . . . can be expected to last for a

21  continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

22  1382c(a)(3)(A). The Commissioner has established a five-step sequential process to

23  determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

24      The first step is to determine whether the claimant is presently engaging in

25  substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the

26  claimant is engaging in substantial gainful activity, disability benefits will be denied.

27  Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

28  the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 13, 2007, the alleged onset date.  (AR 12.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: type 1 diabetes; diabetic neuropathy involving the hands and feet; lumbar back pain; status post pan-retinal photo coagulation in both eyes; cataract instruction with infracter lens implant in both eyes; and glaucoma in both eyes with ahmed bell implant in the left eye on November 1, 2011.  (AR 12-13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 13.)

The ALJ then found that Plaintiff has the RFC to perform a range of light work as defined in 20 C.F.R. §§  404.1567(b) and 416.967(b) and SSR 83-10 with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for six hours out of an eight-hour workday; she can sit for 6 hours out of an eight-hour workday; she can push and/or pull within those weight limits; she cannot climb ladders, ropes, or scaffolds; she cannot work at height; she cannot work around vibratory tools or instruments; she is limited to occasional fingering, feeling, and handling bilaterally with the upper extremities only; she cannot do any jobs that requires fine vision in both eyes, but is still able to read normal newsprint and some other small items and is still able to drive and operate a motor vehicle.

(AR 13-20.)  In determining the above RFC, the ALJ made an adverse credibility determination.  (AR 15.)

1    At step four, the ALJ found that Plaintiff is unable to perform any past relevant
2 work as a stock clerk, deli worker, waitress and home attendant.  (AR 20-21.)  The ALJ
3 also made an alternative step five finding that, considering Claimant's age, education,
4 work experience and RFC, there are other jobs that exist in significant numbers in the
5 national economy that Claimant also can perform, including investigator for dealer
6 account and counter clerk.  (AR 22.)

7    Consequently, the ALJ found that Claimant is not disabled within the meaning of
8 the Social Security Act.  (AR 22.)

9                                    **DISCUSSION**

10    The ALJ decision must be affirmed.  The ALJ provided specific, legitimate reasons
11 for discounting the opinion of Dr. Marianne Tahl, Plaintiff's treating physician.  The ALJ's
12 RFC is supported by substantial evidence.  The ALJ's nondisability determination is
13 supported by substantial evidence and free of legal error.

14    **A.    Relevant Federal Law**

15    The ALJ's RFC is not a medical determination but an administrative finding or
16 legal decision reserved to the Commissioner based on consideration of all the relevant
17 evidence, including medical evidence, lay witnesses, and subjective symptoms.  See
18 SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must
19 consider all relevant evidence in the record, including medical records, lay evidence, and
20 the effects of symptoms, including pain reasonably attributable to the medical condition.
21 Robbins, 446 F.3d at 883.

22    In evaluating medical opinions, the case law and regulations distinguish among
23 the opinions of three types of physicians:  (1) those who treat the claimant (treating
24 physicians); (2) those who examine but do not treat the claimant (examining physicians);
25 and (3) those who neither examine nor treat the claimant (non-examining, or consulting,
26 physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d
27 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating
28 physician's opinion because a treating physician "is employed to cure and has a greater

1   opportunity to know and observe the patient as an individual." <u>Magallanes v. Bowen</u>,
2   881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the
3   issues of the nature and severity of a claimant's impairments is well-supported by
4   medically acceptable clinical and laboratory diagnostic techniques, and is not
5   inconsistent with other substantial evidence in the case record, the ALJ must give it
6   "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

7        Where a treating doctor's opinion is not contradicted by another doctor, it may be
8   rejected only for "clear and convincing" reasons.  <u>Lester</u>, 81 F.3d at 830.  However, if the
9   treating physician's opinion is contradicted by another doctor, such as an examining
10   physician, the ALJ may reject the treating physician's opinion by providing specific,
11   legitimate reasons, supported by substantial evidence in the record.  <u>Lester</u>, 81 F.3d at
12   830-31; <u>see</u> <u>also</u> <u>Orn</u>, 495 F.3d at 632; <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir.
13   2002).  Where a treating physician's opinion is contradicted by an examining
14   professional's opinion, the Commissioner may resolve the conflict by relying on the
15   examining physician's opinion if the examining physician's opinion is supported by
16   different, independent clinical findings.  <u>See</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041
17   (9th Cir. 1995); <u>Orn</u>, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an
18   examining physician, an ALJ must provide clear and convincing reasons.  <u>Bayliss v.</u>
19   <u>Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is
20   contradicted by another physician's opinion, an ALJ must provide specific and legitimate
21   reasons to reject it.  <u>Id.</u>  However, "[t]he opinion of a non-examining physician cannot by
22   itself constitute substantial evidence that justifies the rejection of the opinion of either an
23   examining physician or a treating physician"; such an opinion may serve as substantial
24   evidence only when it is consistent with and supported by other independent evidence in
25   the record.  <u>Lester</u>, 81 F.3d at 830-31; <u>Morgan</u>, 169 F.3d at 600.

26        **B.    Analysis**

27        On January 17, 2013, Dr. Marianne Tahl, Plaintiff's treating physician, completed
28   a one page check box form indicating Plaintiff cannot work.  (AR 20, 375.)  Dr. Tahl also

checked boxes noting Claimant had a medically verifiable condition that would limit or prevent performing certain tasks and that the condition was chronic.  (AR 375.)  Dr. Tahl further noted Plaintiff had limitations that affect her ability to work or participate in education or training.  (AR 375.)  Dr. Tahl also checked a box indicating that Plaintiff's condition requires someone to be in the home to care for her.  (AR 375.)

The ALJ gave Dr. Tahl's opinion little weight, noting preliminarily that, "As an opinion on an issue reserved to the Commissioner, the statement is not entitled to controlling weight and is not given special significance pursuant to 20 C.F.R. §§ 404.1527(e) and 416.927(e) and SSR 96-5."  (AR 20.)  Plaintiff contends that this is not a specific, legitimate reason for rejecting Dr. Tahl's opinion, but the ALJ was merely stating established law.  To be sure, that the issue of disability is reserved to the Commissioner does not mean that a treating source opinion expressing an opinion on disability is irrelevant or can be ignored.  SSR 96-5p*3, after acknowledging treating source opinions are not controlling on certain issues, explicitly states that "opinions from any medical source on issues that are reserved to the Commissioner must never be ignored."  On the issue of disability, SSR 96-5p*5 also says that medical opinions on the issue "must never be disregarded."  Here, Dr. Tahl's opinion was not ignored or disregarded.  The ALJ rejected it for specific, legitimate reasons supported by substantial evidence.

First, the ALJ rejected Dr. Tahl's opinion because it was "brief, conclusory, and inadequately supported by clinical findings."  (AR 20.)  The ALJ explained that Dr. Tahl "did not provide an explanation for this assessment or any specific functional limitations that prevented the claimant from working."  (AR 20.)  An ALJ may reject a check box opinion that is brief, conclusory and inadequately supported by clinical evidence.  Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not have any explanation or basis); Batson v. Comm'r, 359 F.3d 1190, 1195 esp. n.3 (9th Cir. 2004) (checklist opinion rejected where treating physician notes did not provide objective medical evidence of alleged limitations).  Here, Dr. Tahl's single page

opinion does not even identify any medical condition or specific limitations, much less explain how any limitations would preclude all work.  Dr. Tahl's notes also do not identify any specific limitations, rendering her opinion of disability inadequately supported by clinical findings.  The Court rejects Plaintiff's assertion that the ALJ's reasons were conclusory and not specific enough.  It is Dr. Tahl's opinion that is conclusory and not explicit enough.

Second, the ALJ found that Dr. Tahl's opinion is inconsistent with the objective medical evidence as a whole, which showed the Claimant received routine and non-emergency treatment for her impairments.  (AR 15-20.)  In regard to Plaintiff's back pain, an x-ray examination in June 2011 showed no significant abnormalities.  (AR 16.)  Examinations in December 2011 and July 2012 showed pain in the lumbar region which was treated conservatively with pain medication.  (AR 16.)  Impairments that can be controlled effectively with medication are not disabling.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).  In November 2012, an x-ray examination showed mild degenerative disc disease in the lumbar and thoracic spine, and minimal degenerative change in the right hip, but again Plaintiff was given prescription medication.  (AR 16.)  A January 2013 examination revealed decreased lumbar mobility and tenderness in the spine area but was given medication and a referral for physical therapy; no surgery was recommended.  (AR 16.)

As to diabetes, in 2011 Plaintiff was prescribed medication and instruction on diet, exercise and care of her feet.  (AR 16.)  She was diagnosed with neuropathy in her hands and feet, but continued to be treated with medication and by November 2012 her diabetes was under "fair control."  (AR 16.)  Through January 2013, she continued to be treated conservatively with prescription medication.  (AR 17.)

As to her eyes, she has neurovascular glaucoma in her left eye.  (AR 17.)  She underwent cataract surgery in her right eye in June 2011.  (AR 17, 18.)  She underwent left eye surgery in November 2011 and was diagnosed with diabetic retinopathy in 2012.

1  (AR 17-28.)  The tube shunt placed in her eye in November 2011 was working properly

2  in December 2012.  (AR 18.)

3       Plaintiff was evaluated by Dr. Nizar Salek, a consulting internist, on July 12, 2011.

4  Dr. Salek found decreased grip strength on the left, visual acuity with glasses of 20/30

5  on the right and 20/70 on the left and mild tenderness in the lower back but otherwise

6  the findings of Dr. Salek's examination were normal: straight leg raising was negative,

7  gait was normal, range of motion was normal in the back, shoulders, elbows, wrists,

8  hands, hips, knees and ankles, and motor strength, sensation and reflexes were normal.

9  (AR 18.)

10      The ALJ gave great weight to the opinions of Dr. Gerald Weingarten, an internist,

11  and Dr. W. B. Boone, an opthamologist, both of whom testified as medical experts at the

12  April 13, 2013 hearing.  (AR 10, 18-19.)  Dr. Weingarten indicated Plaintiff could perform

13  light work with limitations that the ALJ incorporated in his RFC.  (AR 18-19.)  He stated

14  that there is no evidence of fatigue and no evidence from a medical standpoint that

15  Plaintiff would miss two or three days of work per month.  (AR 19, 47.)  Dr. Boone, the

16  opthamologist, indicated that Plaintiff "cannot visually carry out tasks requiring good

17  vision in both eyes and good depth perception, so she cannot carry out tasks such as

18  airline pilot, commercial bus driver, or butcher; however, she would qualify to drive in

19  California, she could read newsprint, and she could manipulate small objects."  (AR 19.)

20  The ALJ incorporated these limitations in his RFC.  (AR 13.)  The contradictory opinions

21  of other physicians provide specific, legitimate reasons for rejecting a treating

22  physician's opinion.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).  The

23  opinions of nonexamining physicians constitute substantial evidence where those

24  opinions are consistent with and supported by other independent evidence of record.

25  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.  Here, Dr. Weingarten and Dr.

26  Boone reviewed the entire record which is consistent with their opinions.  Plaintiff does

27  not even mention the findings and testimony of Dr. Weingarten and Dr. Boone.

28

The ALJ's third reason for rejecting the opinion of Dr. Tahl is that it is inconsistent with Plaintiff's daily activities.  (AR 20.)  An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities.  Bayliss, 427 F.3d at 1216.  Here, the ALJ noted Plaintiff cooks, cleans, takes care of children, prepares her own meals, does household chores, shops, crochets and does needlepoint and travels by walking or riding in a car.  (AR 15.)  Plaintiff argues that the daily activities cited by the ALJ do not prove she can work but they do suggest Claimant has greater functional abilities than alleged.  Molina v. Astrue, 674 F.3d 1103, 1113 (9th Cir. 2012); Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disagrees with the ALJ's assessment of Dr. Tahl's opinion but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation is reasonable as it is here, it should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  The ALJ rejected the opinion of Dr. Tahl for specific, legitimate reasons supported by substantial evidence.

Plaintiff's final argument is that the ALJ failed to fully develop the record by recontacting Dr. Tahl for clarification or additional evidence.  The Court disagrees.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the Claimant's interests are considered.  Tonapetyan, 242 F.3d at 1150; Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983).  The ALJ has a basic duty to inform himself about facts relevant to his decision.  Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring).  The ALJ's duty to develop the record exists even when the claimant is represented by counsel.  Tonapetyan, 242 F.3d at 1150.  Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

1    Here, the ALJ had no need to recontact Dr. Tahl.  An ALJ's duty to develop the
2  record further is triggered only when there is ambiguous evidence or the record is
3  inadequate to allow for proper evaluation of the evidence.  Mayes v. Massanari, 276
4  F.3d 453, 459-60 (9th Cir. 2001).  Here, the ALJ's RFC is supported by substantial
5  evidence, including the opinions of Dr. Weingarten, Dr. Boone and Dr. Salek.  As in
6  Mayes, "[t]he record before the ALJ was neither ambiguous nor inadequate to allow
7  proper evaluation of the evidence."  Id. at 460.  There was no duty to develop the record
8  further.

9                                          * * *

10    The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability
11  determination is supported by substantial evidence and free of legal error.

12

13                                       **ORDER**

14    IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the
15  Commissioner of Social Security and dismissing this case with prejudice.

16

17  DATED: May 27, 2015                    _/s/ John E. McDermott_
18                                         JOHN E. MCDERMOTT
                                           UNITED STATES MAGISTRATE JUDGE

12